UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | |
|---|---|
| TIMOTHY JOSEPH KOHNE, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 2: 23-037-DCR |
| ) | |
| V. ) | |
| ) | |
| KILOLO KIJAKAZI, Acting ) | **MEMORANDUM OPINION** |
| Commissioner of Social Security, ) | **AND ORDER** |
| ) | |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Timothy Joseph Kohne appeals the Commissioner of Social Security's denial of his application for disability insurance benefits. He contends that the Administrative Law Judge ("ALJ") assigned to his case made legal errors that warrant reversal of the Commissioner's decision. Specifically, Kohne asserts that the ALJ failed to account for mental limitations in his residual functional capacity and that the ALJ erred by treating his past relevant work as that of an ophthalmologic technician as defined by the Dictionary of Occupational Titles.

Kohne forfeited the argument concerning his past relevant work by not raising it at the administrative level. However, the matter will be remanded for further administrative proceedings because the ALJ's failed to include any mental limitations in Kohne's RFC without providing a logical bridge for the omission.

**I.**

Kohne filed the present application for disability insurance benefits ("DIB") on January 4, 2021. [*See* Administrative Transcript p. 148; hereafter, "Tr."] The claim was denied

initially and upon reconsideration. [Tr. 77, 83] ALJ Christopher Tindale held an administrative hearing on October 27, 2021, and issued a written opinion denying benefits on March 2, 2022. [Tr. 29-51; 13-24] The Appeals Council denied Kohne's request for review on January 26, 2023, making this matter ripe for judicial review. *See* Tr. 1-3; 42 U.S.C. § 405(g).

## II.

Kohne was 54 years old at the time he filed his application for DIB. He alleges that he became unable to work on May 28, 2020. [Tr. 203] Kohne claimed disability due to arthritis, back and neck problems, right shoulder pain, hypertension, seizures, a missing left great toe, and post-traumatic stress syndrome ("PTSD"). [Tr. 53] Kohne was hit by a truck in 2003 and alleged worsening neck and back pain since that incident. He further alleged that pain radiated into his extremities and caused problems with walking and lifting and carrying objects. Despite having undergone a lumbar discectomy in 1991 and a cervical spine fusion in 2017, Kohne continued to complain of increased difficulty in these areas. [*See* Tr. 337.] Kohne also struggled with dysphonia and dysphagia after undergoing the cervical fusion.

Kohne, a United States Army veteran, was treated for depression and PTSD at a VA Medical Center. [*See, e.g.,* Tr. 334, 415.] He owned and operated a small farm with his wife and home schooled his nine-year-old son. [Tr. 338, 381]

Kohne worked as an ophthalmology technician at the VA from 2003 to 2020. He performed patient intake duties, screening, testing, medical assisting, and setting up for minor surgeries and eye injections. [Tr. 219] Kohne was required to walk, stand, sit, kneel, crouch, and reach constantly, and he had to lift patients at times. He frequently lifted 25 pounds and often lifted and carried equipment and surgical trays. Kohne reported that he was forced to

leave his position due to health conditions. Prior to his job as an ophthalmology technician, he worked as an auto parts clerk and as a sales clerk. [Tr. 218]

Kohne has been treated intermittently (primarily at the VA) for arthritis, hypertension, a seizure disorder, knee pain, PTSD, shoulder pain, and spinal pain. [Tr. 245] He reported in his application for benefits that he could not do anything for more than 15 minutes. Kohne explained that he could not bend or raise his arms, that his knees and shoulders pop, and his back swells. [Tr. 232] He reported being able to let chickens out and pen them up with his sons' assistance. He was able to use a riding lawnmower for short periods of time and could fish for recreation rarely. [Tr. 234] He was able to drive a car and went shopping for a few items once a week for 20 or 30 minutes. [Tr. 194] Kohne reported that he "tr[ied] to stay away from people," and had problems getting along with others because he would "snap due to pain." [Tr. 195, 197] Kohne testified that he drank approximately six beers per day. [Tr. 41]

Suzanne Collins, Psy.D., performed a psychiatric consultative examination on November 12, 2020. [Tr. 1084] She noted that Kohne was casually dressed and had adequate grooming and hygiene. He had adequate eye contact, a pleasant affect, and demonstrated relevant speech with appropriate tone and rate. Kohne was alert and focused and did not display any overt signs of anxiety. His thought processes were logical and goal directed, and there was no evidence of delusional thinking or auditory or visual hallucinations.

Collins further reported that Kohne was oriented to person, place, time, situation, and was in contact with reality. He could recall three out of three objects after a five minute delay. He correctly repeated five digits forwards and five digits backwards. He knew the colors of the United States flag, the shape of a ball, the number of months in a year, and the most recent

president.  However, he stated there are 36 weeks in a year and indicated that the sun sets in the south.  He was unable to perform simple mathematical calculations or complete serial threes, although he was able count backwards from 20 with zero errors.

Collins determined that Kohne's social functioning, his ability to understand, retain, and follow simple instructions, his ability to make judgments, and his ability to complete tasks in a timely manner appeared unimpaired.  Notwithstanding these findings, she believed that his abilities to tolerate stress, to attend to and follow through on complex tasks, to interact effectively with others, and to respond to day-to-day work pressures were mildly impaired.  [Tr. 1087-88]  The ALJ noted that Collin's opinion was consistent with the treatment record and Kohne's daily functioning, both of which did not supporting finding more than mild limitations.  [Tr. 22]

Ifeanyi Nzegwu, M.D., examined Kohne on April 17, 2021.  [Tr. 270]  Kohne's chief complaints at that time were neck and back pain.  Nzegwu observed that Kohne spoke with a hoarse voice and ambulated using a cane.  His gait was otherwise normal, however, and he was able to rise from a sitting position without assistance, stand on his tiptoes, tandem walk, and bend and squat without difficulty.  [Tr. 271]  Nzegwu also noted that Kohne's light touch, pain, position, and vibratory sensation were intact.  Despite these relatively normal findings, Nzegwu concluded that Kohne would not be able to able to sit, walk, and/or stand for a full workday or lift/carry objects without limitations.  Nzegwu also reported that Kohne could not hold a conversation due to his hoarseness and dysphonia.  [Tr. 272]

Jean Sutherland, M.D., reviewed Kohne's file on April 23, 2021.  [Tr. 60]  Based on this review, she believed that Kohne had the ability to occasionally lift and/or carry 20 pounds and to frequently lift and/or carry 10 pounds.  She further reported that he could sit and stand

and/or walk for about six hours in an eight-hour workday. Sutherland also noted that Kohne should never climb ladders, ropes, or scaffolds and that he may use a cane for balance, if needed. [Tr. 57] Kip Beard, M.D., echoed these findings upon Kohne's request for reconsideration. [Tr. 68] Likewise, Alex Guerrero, M.D., affirmed Susan Collins' findings, indicating that Kohne had several mild mental limitations, including mild limitations regarding the ability to understand, remember, or apply information; to interact with others; to concentrate, persist or maintain pace; and to adapt or manage himself. [Tr. 64]

In weighing the opinion evidence, the ALJ was persuaded by the opinions of the Disability Determination Services ("DDS") consultants who evaluated the claimant's physical functioning. [Tr. 21] The ALJ noted that Dr. Nzegwu, who examined Kohne, provided an opinion that was largely inconsistent with the longitudinal record and conflicted with his normal examination findings. [Tr. 21-22] With respect to the psychological evidence, the ALJ noted that Dr. Collins' opinion was consistent with the treatment record and therefore persuasive. [Tr. 22]

The ALJ determined that Kohne had the following severe impairments: degenerative disc disease of the cervical and lumbar spine, osteoarthritis of the left hip, and obesity. He concluded that Kohne had the residual functional capacity ("RFC") to perform light work except he could "frequently climb ramps or stairs, stoop, kneel, crouch, and crawl; never climb ladders, ropes, or scaffolds; should avoid concentrated exposure to heavy whole body vibration such [as that] produced by a jackhammer; and must avoid all exposure to dangerous hazards such as unprotected heights and dangerous moving machinery." [Tr. 19]

Vocational Expert ("VE") Suman Srinivasan testified during the administrative hearing held on October 27, 2021. He characterized Kohne's previous work as an ophthalmic

technician as light, skilled work per the Dictionary of Occupational Titles ("DOT"), but very heavy as actually performed. [Tr. 45] The VE testified that an individual with Kohne's RFC could perform the ophthalmic technician job *as generally* performed, i.e., light work. He also testified that there were other jobs in the national economy that such an individual could perform, such as fast food worker or house keeper. [Tr. 46] The ALJ subsequently concluded that Kohne was "capable of performing past relevant work as an ophthalmological technician," and therefore had not been under a disability from the alleged onset date through the date of decision. [Tr. 23]

### III. Legal Standard

A "disability" under the Social Security Act is defined as "the inability to engage in 'substantial gainful activity' because of a medically determinable physical or mental impairment of at least one year's expected duration." *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 539 (6th Cir. 2007) (citing 42 U.S.C. § 423(d)(1)(A)). A claimant's Social Security disability determination is made by an ALJ in accordance with "a five-step 'sequential evaluation process.'" *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 642 (6th Cir. 2006) (en banc). If the claimant satisfies the first four steps of the process, the burden shifts to the Commissioner with respect to the fifth step. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003).

A claimant must first demonstrate that he is not engaged in substantial gainful employment at the time of the disability application. 20 C.F.R. § 404.1520(b). Second, the claimant must show that he suffers from a severe impairment or a combination of impairments. 20 C.F.R. § 404.1520(c). Third, if the claimant is not engaged in substantial gainful employment and has a severe impairment which is expected to last for at least twelve months

and which meets or equals a listed impairment, he will be considered disabled without regard to age, education, and work experience. 20 C.F.R. § 404.1520(d). Fourth, if the claimant has a severe impairment but the Commissioner cannot make a determination regarding disability based on medical evaluations and current work activity, the Commissioner will review the claimant's RFC and relevant past work to determine whether he can perform his past work. 20 C.F.R. § 404.1520(e). If he can, he is not disabled. 20 C.F.R. § 404.1520(f).

Under the fifth step of the analysis, if the claimant's impairments prevent him from doing past work, the Commissioner will consider his RFC, age, education, and past work experience to determine whether he can perform other work. If he cannot perform other work, the Commissioner will find the claimant disabled. 20 C.F.R. § 404.1520(g). "The Commissioner has the burden of proof only on 'the fifth step, proving that there is work available in the economy that the claimant can perform.'" *White v. Comm'r of Soc. Sec.*, 312 F. App'x 779, 785 (6th Cir. 2009) (quoting *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999)).

This Court's review is limited to determining whether the ALJ's findings are supported by substantial evidence and whether the ALJ applied the proper legal standards in reaching his decision. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). Substantial evidence is such relevant evidence as reasonable minds might accept as sufficient to support the conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007). The Commissioner's findings are conclusive if they are supported by substantial evidence. 42 U.S.C. § 405(g).

## IV. Discussion

### A. ALJ's Failure to Include Mental Limitations in the RFC

The ALJ did not include any mental limitations in the RFC. He discussed them at step two of his analysis, finding that Kohne had only mild limitation in each of the four broad areas of mental functioning set out in the disability regulations (the "Paragraph B" criteria) and, therefore, his mental impairments were not severe. [Tr. 16-18] The Paragraph B criteria do not constitute an RFC assessment. *Taylor v. Colvin*, 2016 WL 760399, at *13 (N.D. Ohio Feb. 26, 2016) (citing SSR 96-8p, 1996 WL 374184 at *4). Instead, they are part of a threshold inquiry to determine whether a claimant has a "severe" mental impairment and are not intended to supplant an RFC determination. *Richardson v. Saul*, 511 F. Supp. 3d 791, 799 (E.D. Ky. 2021). The ALJ is required to consider the effects of both severe and non-severe impairments in determining the RFC and must analyze a claimant's "mild" restrictions in determining the RFC. *Id.* (citing SSR 96-8p, 1996 WL 374184 at *4).

The Commissioner contends that the ALJ's analysis was sufficient. It is true that the ALJ discussed evidence of Kohne's relatively high level of mental functioning, *e.g.*, his ability to go shopping and being described by treatment providers as "cooperative, friendly, and able to communicate effectively." [Tr. 17] But the ALJ only relied on these facts at step two to determine that Kohne had "at most" mild limitations with respect to the Paragraph B criteria. In the more detailed assessment required under step four, the ALJ deems Dr. Collins' opinion persuasive, noting that "[her] findings are consistent with the treatment record and the claimant's daily functioning, both of which do not support finding more than mild limitations." [Tr. 22]

How did the ALJ arrive at an RFC that included zero mental limitations? Even when the ALJ's opinion is read as a whole, the Court is left to speculate. *See Sell v. Kijakazi*, 2022 WL 4479932, *2-3 (N.D. Ohio Sept. 27, 2022). Perhaps the ALJ rationally believed Kohne's

mild mental limitations had no impact on his ability to work. But the lack of explanation requires remand because it prevents the undersigned from conducting a meaningful review to determine whether substantial evidence supports the decision. *See Reynolds v. Comm'r of Soc. Sec.*, 424 F. App'x 411, 414 (6th Cir. 2011).

The ALJ's lack of explanation is particularly troubling in light of the finding that Kohne is capable of performing his previous job of ophthalmic technician, even as generally performed. This position involves testing and measuring patients' eye function, applying medication to patients' eyes, and giving instructions to patients concerning eye care. *See* DOT 078.361-038.[1] Certainly, limitations on a worker's ability to tolerate stress, interact effectively with others, and respond to work pressures would be relevant to such a public-facing position. Accordingly, this matter will be remanded for further consideration.

**B.    ALJ's Failure to Consider Kohne's Past Work as a "Composite Job"**

The ALJ determined that Kohne was not disabled at step four because he was able to perform his previous job as an ophthalmic technician, as that job is generally performed. Kohne contends that remand is warranted because his position actually was a composite job, which is a job that requires the performance of significant elements of two or more jobs and, as such, "ha[s] no counterpart in the DOT." Social Security Ruling (SSR) 82-61, 1982 WL 31387, at * 2 (Jan. 1, 1982). Essentially, Kohne asserts that his position at the VA required him to lift patients and perform other tasks that are not contemplated by the DOT definition of "ophthalmic technician."

---

[1]    OALJ Law Library, DOT, Professional, Technical, and Managerial Occupations 024.381-010 to 079.131-010  https://www.dol.gov/agencies/oalj/PUBLIC/DOT/REFERENCES/DOT01B (last accessed Aug. 13, 2023).

Kohne was represented by counsel, who questioned the VE during the administrative hearing, but failed to raise this issue. The Commissioner contends that Kohne waived this argument by failing to raise it at the administrative level. As an initial matter, Kohne takes issue with the Commissioner's use of the word "waive" rather than "forfeit." *See Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (clarifying that the failure to object is not a waiver, but a forfeiture). While the terms are often used interchangeably, they are different because a waiver "is affirmative and intentional," whereas forfeiture is a more passive failure to timely assert a right or argument. *Id.* The court in *Berkshire* noted that this difference matters because "forfeited issues may, in certain circumstances, nevertheless be presented on appeal." *Id.* But Kohne has not demonstrated that this one of those circumstances.

Kohne relies on *Carr v. Saul*, a case in which the Supreme Court determined that social security disability claimants were not required to argue at the agency level that the ALJs hearing their claims were unconstitutionally appointed. However, Kohne does not present a constitutional challenge to any agency process. Instead, his argument concerns an issue that lies within the typical adjudicative process of a DIB claim and, therefore, he was required to raise it. *See e.g., Rosamond v. Comm'r of Soc. Sec.*, 2023 WL 3222797, at *4-5 (N.D. Miss. May 3, 2023) (concluding that the plaintiff could not challenge the ALJ's failure to classify past work as composite for the first time on appeal) ; *Randy M.*, 2021 WL 3913567 (D. Or. Sept. 1, 2021); *Alvizo v. Saul*, 2021 WL 694810, at *5-6 (D. Nev. Feb. 23, 2021); *Robilliard v. Comm'r of Soc. Sec.*, 2020 WL 6588383, at *7 (E.D. Mich. Oct. 20, 2020); *Dempsey v. Saul*, 2020 WL 1852631, at *5 (N.D. Ohio Apr. 13, 2020); *Walters v. Berryhill*, 2018 WL 3318886 (E.D. Ky. July 5, 2018).

**V.**

Based on the foregoing analysis and discussion, it is hereby

**ORDERED** as follows:

1. The plaintiff's previously-stricken brief, which remains pending as a motion [Record No. 8], is **DENIED**, as moot.

2. The plaintiff's motion for summary judgment [Record No. 13] is **GRANTED**, to the extent this matter is remanded for further administrative proceedings consistent with this Memorandum Opinion and Order pursuant to sentence four of 42 U.S.C. § 405(g).

Dated: August 14, 2023.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky